Gregory J. Hughes #071288
Christopher D. Hughes #254864
**HUGHES LAW CORPORATION**
3017 Douglas Boulevard, Suite 300
Roseville, California 95661
Telephone (916) 774-7506
Facsimile (916) 791-1644
Email: hughes@hugheslc.com

Attorneys for Geoffrey Richards,
Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>JOHN ASHFORD ODUM, fdba LYNNLUX LOGISTICS, LLC, dba LUX TRUCKING, INC. and SHAWNTA MESHAWN ODUM, fka SHAWNTA MESHAWN SHEFFIELD, fdba LYNNLUX LOGISTICS, LLC, dba LUX TRUCKING, INC.<br><br>                                    Debtors.<br>_____ | Case No.: 15-27448-A-7<br><br>Docket Control No. CDH-4<br><br>**TRUSTEE'S APPLICATION FOR ORDER AUTHORIZING EXAMINATION PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**<br><br>(No Hearing Required) |

To THE HONORABLE MICHAEL S. MCMANUS, United States Bankruptcy Judge:

Geoffrey Richards, Chapter 7 Trustee ("Trustee") in the above-captioned Chapter 7 case, hereby requests that the Court authorize an examination of the institutions and agencies listed below, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure ("Rule 2004"), on the basis of the following facts, supported by the declaration of Geoffrey Richards, submitted herewith:

1.     John Ashford Odum, fdba Lynnlux Logistics, LLC, dba Lux Trucking, Inc. and Shawnta Meshawn Odum, fka Shawnta Meshawn Sheffield, fdba Lynnlux Logistics, LLC, dba

Lux Trucking, Inc ("Debtors") filed a voluntary Chapter 7 petition on or about September 23, 2015 ("Petition Date").

2.      Mr. Richards was appointed as Chapter 7 Trustee and is presently acting in that capacity.

3.      John Ashford Odum and Shawnta Meshawn Odum are individual debtors in this bankruptcy case and principals and owners of Lynnlux Logistics, LLC ("Lynnlux") and Lux Trucking, Inc. ("Lux Trucking").  Although Lynnlux and Lux Trucking are separately incorporated entities, the petition indicates that the individuals are or were formerly "doing business as" the two entities.

4.      According to the Debtors, Lynnlux is in the business of booking hotel rooms and providing meals for members of the U.S. military and members of other state and federal agencies pursuant to various government contracts.  Debtors received payment directly from various government agencies (identified below) to book the hotel rooms and provide the meals. Debtors were expected to use the money from the federal government to pay the hotels and food vendors for the services provided.

5.      According to the Debtors, Lux Trucking is a corporation with five shareholders, including John Odum and Shawnta Odum, each holding a twenty percent (20%) interest in the corporation.  Lux Trucking is in the business of transporting goods throughout the nation. Debtors contract with various persons and entities to transport goods via trucks in exchange for payment.

6.      Debtors, Lynnlux, and Lux Trucking held bank accounts at various financial institutions including: Bank of America, U.S. Bank; Wells Fargo; the Navy Federal Credit Union.

7.      Based on a review of the information provided by the Debtors, there appear to be several discrepancies with respect to how funds are spent by the Debtors.

///

///

///

**REQUEST**

On motion of any party in interest, the court may order the examination of "any entity" related to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. Fed. R. Bankr. P. 2004 (a) & (b). "The attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Fed. R. Bankr. P. 2004 (c). "The range of discoverable subject matter in a Rule 2004 exam is 'unfettered and broad.'" *In re Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) (*quoting* In re GHR Energy Corp., 33 Bankr. 451, 453 (Banrk. D. Mass 1983).

"When a trustee takes over a Chapter 7 case, the trustee must learn quickly about the debtor entity. One of the original purposes of the 2004 examination (formerly 205) was to assist the trustee in this endeavor." *In re Drexel Burnham Lambert Group*, 123 B.R. 702, 708 (Bankr. S.D.N.Y. 1991). "The object of the examination is to show the condition of the estate and enable the Court to discover its extent and whereabouts, and to come into possession of it, that the rights of the creditor may be preserved." *Id. (citing Cameron v. U.S., 231 U.S. 710, 58 L.Ed 448, 34 S.Ct. 244 (1914)).*

In this case, Trustee is requesting the Court's authorization, pursuant to FRBP 2004, to examine under oath and seek all records and documentation from the following persons and entities pertaining to Debtors and their financial affairs:

    a.  John Ashford Odum;

    b.  Shawnta Meshawn Odum;

    c.  Lynnlux; and

    d.  Lux Trucking.

Additionally, based upon the foregoing, pursuant to FRBP 2004, Trustee is requesting an order authorizing examination under oath and authorization to seek documents from the following federal agencies regarding the Debtors, Lynnlux, and Lux Trucking and their financial affairs:

    a.   The Department of Defense;

    b.   The Department of State;

    c.   The Department of the Air Force;

    d.   The Department of the Army;

    e.   The Department of the Navy;

    f.   The Department of Veterans Affairs;

    g.   The Food Safety and Inspection Service;

    h.   The United States Coast Guard;

    i.   The United States Immigration and Customs Enforcement;

    j.   The United States Special Operation Command; and

    k.   California Department of Corrections and Rehabilitation.

In addition, Trustee is requesting the Court's authorization, pursuant to FRBP 2004, to seek documents from the following financial institutions regarding the Debtors, Lynnlux, and Lux Trucking and their financial affairs:

    a.   Bank of America;

    b.   U.S. Bank;

    c.   Wells Fargo; and

    d.   Navy Federal Credit Union.

WHEREFORE, the Trustee respectfully requests that the Court authorize him to examine and seek documents from the above named persons, financial institutions and federal agencies, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure.

Dated: February 19, 2016

    **HUGHES LAW CORPORATION**

    By:    */s/ Christopher D. Hughes*
    Christopher D. Hughes, Attorney for
    Geoffrey Richards, Chapter 7 Trustee